United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID ANDREW MARTINEZ,
EDMUND DESHAWN DENEILIOM,
RUBEN ALEJANDRO QUIROZ, CESAR
CASTELLANOS, LUCIO LERENZO
MENDOZA, SAMUEL TEWOLDE,
KALIN CARELL, and ANDREW
HILL-PICCOLA,

    Defendants.
                                    /

No. CR 13-00794 WHA

**ORDER RE DEFENDANT
SAMUEL TEWOLDE'S
MOTIONS TO DISMISS AND
FOR BILL OF PARTICULARS**

**INTRODUCTION**

In this prosecution under the Racketeer Influenced and Corrupt Organizations Act, the Violent Crimes in Aid of Racketeering Act, and other penal statutes, one defendant moves to dismiss several counts under the indictment, or alternatively, for a bill of particulars. The motion to dismiss is **DENIED**. The motion for a bill of particulars is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

The background of this prosecution is set forth in a prior order (*see* Dkt. No. 72). In brief, this is a non-capital criminal gang prosecution with seventeen counts and eight defendants. According to the indictment, nearly all defendants are connected to the Varrio South Park gang. Two defendants — Lucio Lerenzo Mendoza and Cesar Castellanos — previously challenged

1 certain counts brought against them. On March 12, 2014, an order denied their motions to
2 dismiss, while granting in part and denying in part their motions for a bill of particulars.

3 Following his arrest as a fugitive, defendant Samuel Tewolde now moves to dismiss
4 Counts One, Two, Three, Four, and Six: (1) racketeering conspiracy; (2) conspiracy to commit
5 murder in aid of racketeering; (3) conspiracy to commit assault with a dangerous weapon in aid
6 of racketeering; (4) use/possession of firearm in furtherance of crime of violence; and (6)
7 attempted murder in aid of racketeering. He also moves for a bill of particulars in the
8 alternative. The order decides both motions below after full briefing and oral argument.

**ANALYSIS**

As a preliminary matter, Tewolde "joins and incorporates" the arguments made by Mendoza and Castellanos in their prior motions to dismiss (Br. 2). Because the March 12 order has already addressed those arguments, this order will only discuss new arguments specifically raised by Tewolde in his present motions.

**1.     MOTION TO DISMISS.**

**A.     Count One — RICO Conspiracy.**

Count One is the sole RICO charge under the indictment, alleging racketeering conspiracy against Tewolde and other named defendants. 18 U.S.C. 1962(d). In addition to other details, Count One states (Indict. ¶¶ 18, 19) (emphasis added):

> 18.   Beginning on a date unknown to the Grand Jury but since at least the mid-2000s, and continuing up through and including the present, in the Northern District of California and elsewhere, [Tewolde and other named defendants], together with others known and unknown, each being a person employed by and associated with VSP, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and intentionally *did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the VSP enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of*:
>
>     a.   multiple acts and threats involving murder . . . ;
>
>     b.   multiple acts and threats involving robbery . . . ;

      c.     multiple acts involving dealing in controlled substances . . . ;

      d.     multiple acts indictable under 18 U.S.C. [] 1951 (interference with commerce, robbery, or extortion); and

      e.     multiple acts indictable under 18 U.S.C. [] 1503 (obstruction of justice); 1512 (tampering with a witness, victim, or informant); and 1513 (retaliating against a witness, victim, or informant).

      19.     It was part of the conspiracy that *each defendant agreed that a member of the conspiracy would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise*.

Count One also alleges the following about Tewolde himself (*id.* ¶ 16):

      The defendant, SAMUEL TEWOLDE, has been a member or associate of VSP since at least in or about 2003. Among other activities taken in furtherance of VSP, on or about September 5, 2013, in the parking lot of a restaurant in downtown Santa Rosa, TEWOLDE fired shots at an individual whom TEWOLDE believed to have snitched against other members of VSP.

Nonetheless, Tewolde argues that Count One is insufficient in three ways. *First*, unlike other defendants who allegedly engaged in multiple acts or ongoing conduct under Count One, Tewolde reportedly committed only one act of racketeering under this count (*i.e.*, the alleged September 5 shooting). He argues that this one alleged act does not constitute a "pattern" of racketeering activity — statutorily defined as at least *two* acts of racketeering activity — and that Count One therefore fails to state an offense with respect to Section 1962(c). *See* 18 U.S.C. 1961(5). *Second*, Tewolde raises notice and double-jeopardy concerns "if the grand jury was provided with any other act or acts committed by [him]." *Third*, he contends that if the government tries to prove racketeering conspiracy with facts not from the indictment, this would amount to a "constructive amendment" of the indictment and require reversal of any potential conviction (Br. 2).

This order disagrees. In the context of Federal Rule of Criminal Procedure 7(c)(1), "[g]enerally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995). In our

3

jurisdiction, "[t]he use of a 'bare bones' information — that is one employing the statutory language alone — is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *Ibid.* (internal citation omitted).

Count One meets these requirements. For a RICO conspiracy charge, it is enough that the count alleges an *agreement* by Tewolde that a "member of the conspiracy" would commit at least two acts of racketeering activity (Indict. ¶ 16). It is not necessary to allege that Tewolde *himself* agreed to commit two predicate acts. Furthermore, racketeering conspiracy has "no requirement of some overt act or specific act," because it is the agreement itself — here, to violate Section 1962(c) — that is unlawful. *Salinas v. United States*, 522 U.S. 52, 63 (1997). In light of the factual allegations concerning Tewolde's relation to VSP and his purported September 5 shooting, Count One adequately sets forth the elements of a RICO conspiracy and the details thereof to inform him of the purported crime. It is also premature to consider the possibility of "constructive amendment," given that at this early stage, the government has yet to show what facts it will prove at trial. As such, Count One will not be dismissed.

### B. Counts Two and Three — VICAR Conspiracies.

Tewolde also attacks Counts Two and Three, which allege two VICAR conspiracies: conspiracy to commit murder in aid of racketeering, and conspiracy to commit assault with a dangerous weapon in aid of racketeering. 18 U.S.C. 1959(a)(5), (6). Specifically, he argues that both counts should be held in abeyance or denied without prejudice because they are based on the same facts and events as is Count One, thereby duplicating the RICO conspiracy charge. He further submits that "[t]he charges of . . . [Counts Two and Three] do prohibit the same offense as, and under the facts herein can be considered lesser included offenses of, Count One," implicating double-jeopardy concerns (at least in his view) (Br. 3).

Not true. In *United States v. Luong*, 393 F.3d 913, 916–17 (9th Cir. 2004), our court of appeals held that so long as the elements of a predicate conspiracy offense are distinct from the overarching RICO conspiracy, the indictment is valid. Although *Luong* addressed charges of a RICO conspiracy and a Hobbs Act conspiracy — as opposed to counts of a RICO conspiracy

4

and VICAR conspiracies — its holding applies here as well. RICO criminalizes, among other conduct, conspiring to conduct an enterprise that engages in a pattern of racketeering activity by committing two or more predicate acts. *See* 18 U.S.C. 1961(5). "It does not require proof of any of the particular violent crimes that underlay the murders, conspiracies to commit murder, or conspiracies to commit assault with a dangerous weapon that are alleged in the other counts." *United States v. Cerna*, CR 08-0730 WHA, 2010 WL 1459444, at *5 (N.D. Cal. Apr. 9, 2010). Conversely, counts alleging VICAR conspiracies do not require proof of an agreement to commit two or more predicate acts, as does a racketeering conspiracy. *Ibid*.

In short, the elements of a RICO conspiracy are different from those of a VICAR conspiracy, such that charging Tewolde with both does not raise double-jeopardy concerns. *See Albernaz v. United States*, 450 U.S. 333, 339 (1981). Accordingly, Counts Two and Three will not be held in abeyance or dismissed.

### C. Count Four — Use/Possession of Firearm.

Count Four is another charge brought against Tewolde, alleging use/possession of a firearm in violation of Sections 924(c)(1)(A) and 2 of Title 18 of the United States Code. Tewolde contends that this count should be dismissed on four grounds (Br. 4) (emphasis added):

> *First*, [Count Four] identifies as the putative underlying offense three different counts of the [i]ndictment which . . . constitute three separate crimes. *Second*, it names seven defendants as violators, without specifying what any of them did on any occasion. *Third*, it erroneously conflates two different prongs of the offense charged. *Fourth*, it overlays the entire count with an allegation of aiding and abetting pursuant to 18 U.S.C. [] 2, rendering it functionally impossible to determine who is charged as a principal and who as an aider and abettor, and with respect to which events.

None of these grounds warrants dismissal. With respect to Tewolde's first two arguments above, the essence of his contention is that he lacks adequate notice of the charged offense. At hearing, his attorney further argued that Count Four also triggers double-jeopardy concerns. In reality, however, Count Four tracks the language of Section 924(c)(1)(A), while alleging at least some detail on the offense beginning "since at least the mid-2000s" and in connection with Counts One, Two, and Three (Indict. ¶ 30) (emphasis added):

5

> Beginning on a date unknown to the Grand Jury but *since at least the mid-2000s*, and continuing up through and including the present, in the Northern District of California and elsewhere, [Tewolde and other named defendants] . . . unlawfully and knowingly did use and carry a firearm during and in relation to a crime of violence . . . namely, the VSP racketeering conspiracy charged in Count One . . . the conspiracy to commit murder in aid of racketeering charged in Count Two . . . and the conspiracy to commit assault with a dangerous weapon in aid of racketeering charged in Count Three . . . and did possess a firearm in furtherance of the offenses charged in Count One, Count Two, and Count Three . . . and did brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count Three . . . and did discharge a firearm in furtherance of the offenses charged in Count One, Count Two, and Count Three . . . *possessed and used, aided and abetted another's possession and use, and had available for their use, a variety of firearms to further the goals and activities of VSP*.

Given that the first three counts then point to factual claims involving Tewolde (*e.g.*, his alleged September 5 shooting), the indictment *does* specify what he allegedly did on at least one occasion, despite his present arguments to the contrary (*see id.* ¶¶ 16, 24, 28). This order therefore finds that there are "overt acts alleged in the indictment [that] adequately limit the time frame of the conspirac[ies]" and sufficiently inform Tewolde of the alleged offense. *United States v. Forrester*, 616 F.3d 929, 941 (9th Cir. 2010). Indeed, this is why the March 12 order had rejected similar challenges by Mendoza and Castellanos when they argued that Count Four should be dismissed for insufficient detail (Dkt. No. 72 at 8).

Nor does Count Four conflate different prongs of the Section 924(c)(1)(A) offense, as Tewolde now contends. As he sees it, Count Four confuses "the 'possession' prong with the 'using or carrying' prong . . . because it charges two separate offenses and fails to list the essential elements of any criminal conduct" (Br. 5). For support, he cites Sections 8.71 and 8.72, two Ninth Circuit Model Criminal Jury Instructions on use and carrying of firearms and possession of firearms, as well as *United States v. Thongsy*, 577 F.3d 1036, 1043 n.5 (9th Cir. 2009). But the support falls short. Tracking the language of Section 924(c)(1)(A), Count Four already alleges the elements of possession of a firearm — *i.e.*, "did possess a firearm in furtherance of the offenses charged . . ." — as well as the elements of using and carrying a firearm — *i.e.*, "did use and carry a firearm during and in relation to a crime of violence . . ."

6

(Indict. ¶ 30). As such, there is no conflation here or failure to allege essential elements of the purported crime.

Finally, this order addresses Tewolde's argument on aiding and abetting under Count Four. In his reply, he clarifies that he cannot be held liable "for all of the acts committed by any of his alleged co-conspirators during the commission of *any offense* they may have committed over a period of almost ten years," and that "the [i]ndictment fails to specify what offenses he is supposed to have committed and/or aided and abetted" (Reply 3, 4) (emphasis added).

This misstates the indictment. In fact, Count Four charges aiding and abetting in specific relation to "another's possession and use, and had available for their use, a variety of firearms to further the goals and activities of VSP" (Indict. ¶ 30). In other words, the indictment tethers its aiding and abetting allegation to the firearm charge under Count Four, and cannot be read as including "dozens, if not hundreds, of acts committed by alleged co-conspirators over a period of years" (Reply 4). Moreover, while Count Four claims that Tewolde and six other defendants "possessed and used" *and* "aided and abetted" another's possession and use of firearms, this is allowed. *See United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009). "[T]he government is permitted to charge a defendant with both being a principal and an aider and abettor" under Section 924(c)(1)(A). *Cerna*, 2010 WL 3198927 at *2. As a result, Count Four will not be dismissed, although a bill of particulars will clarify to the extent stated below.

### D. Count Six — VICAR Attempted Murder.

In a footnote, Tewolde disputes Count Six by stating that he "adopts and joints in that argument" made by Castellanos in his earlier motion to dismiss Count Five (for insufficient detail) (Br. 2). Tewolde provides no other argument as to Count Six, which charges him alone with the VICAR offense of attempted murder in aid of racketeering. 18 U.S.C. 1959(a)(5).

This order finds that Count Six alleges enough detail. The count mirrors the statutory language of an attempted-murder offense under Section 1959(a)(5), while citing to Tewolde's alleged September 5 shooting and specific details thereof, including the purported date and "Northern District of California" location (Indict. ¶¶ 33, 34). While a bill of particulars will

7

clarify the name of "Victim-2" under this count, as stated below, the count provides sufficient detail to inform Tewolde of the alleged crime.

The motion to dismiss Counts One, Two, Three, Four, and Six is therefore **DENIED**.

**2.    MOTION FOR BILL OF PARTICULARS.**

In the alternative, Tewolde seeks a bill of particulars on the following five items (Br. 6):

1. The earliest date — as contended by the government — on which defendant Tewolde was a member of the RICO and VICAR conspiracies alleged under Counts One, Two, and Three;

2. The acts constituting the "pattern of racketeering activity" in which Tewolde is alleged to have engaged;

3. The name of "victim-2," as well as the circumstances and the supposed acts that defendant committed to attempt the murder of "victim-2," as alleged under Count Six;

4. The date or dates upon which defendant is alleged to have used or carried a firearm during and in relation to a crime of violence or possessed a gun in furtherance of a crime of violence, as alleged under Count Four, as well as the description of a specific weapon involved in the specific crimes alleged; and

5. The circumstances and supposed acts that defendant committed to aid and abet the possession and use of weapons by any other person, as alleged under Count Four.

To the extent stated and subject to the last paragraph of this order, Tewolde's motion for a bill of particulars is **GRANTED IN PART**. The government has already agreed to provide Tewolde with a bill of particulars that clarifies his first and third requests, as listed above (Opp. 15). This is consistent with the March 12 order that granted Mendoza and Castellanos a limited bill of particulars, providing them with the same information that the government will now give to Tewolde. Furthermore, to the extent known, the government is ordered to provide Tewolde a bill of particulars identifying:

- The alleged incidents in which a firearm was used and/or carried in relation to Counts One, Two, and Three, as well as the alleged incidents in which a firearm was possessed, brandished, and/or discharged in furtherance of Counts One, Two, and Three, *even if the firearm itself cannot be identified*.

8

As used herein, the term "incidents" also includes the identity of the person who purportedly used or carried the firearm or possessed, brandished, or discharged the firearm, the names of any alleged victims of these alleged incidents, and the approximate dates and circumstances of these alleged incidents. If the government does not yet know all of these details for a given incident, it must supply as much as it does know.

As to Tewolde's remaining requests, however, his motion for a bill of particulars is **DENIED**. In the case-by-case discretion allowed under Rule 7(f), this order recognizes that Tewolde seeks more information, such as what acts constitute the alleged "pattern of activity," the dates on which he purportedly used or carried a firearm in relation to a crime of violence, specific descriptions of weapons involved in the alleged crimes, and the circumstances and supposed acts by which he reportedly aided and abetted the possession and use of weapons. *See United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

This asks too much. Tewolde is "not entitled to know all the evidence the government intends to produce but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). Moreover, the government has already produced approximately 2,700 documents and 27 discs of audio, video, and photograph files, including law enforcement reports outlining Tewolde's roles in the alleged crimes, recorded telephone calls, audio and video recordings of gang meetings, drug and gun transactions, and cell phone data downloads (Opp. 13, 14). Such a large amount of discovery helps obviate the need for a bill of particulars here. *See, e.g.*, *Giese*, 597 F.2d at 1180–81. The motion for a bill of particulars is thus **GRANTED IN PART AND DENIED IN PART**.

## CONCLUSION

The motion to dismiss is **DENIED**. Moreover, to the extent stated above, the motion for a bill of particulars is **GRANTED IN PART AND DENIED IN PART**. The government is hereby ordered to deliver to Tewolde a bill of particulars, as detailed above, by **5 PM ON MAY 9, 2014**.

**IT IS SO ORDERED.**

Dated: April 30, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9