IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID ANDREW MARTINEZ,
EDMUND DESHAWN DENEILIOM,
RUBEN ALEJANDRO QUIROZ, CESAR
CASTELLANOS, LUCIO LERENZO
MENDOZA, SAMUEL TEWOLDE,
KALIN CARELL, and ANDREW
HILL-PICCOLA,

    Defendants.

No. CR 13-00794 WHA

**ORDER DENYING DEFENDANT
SAMUEL TEWOLDE'S MOTION
FOR LEAVE TO FILE
RENEWED MOTION TO
DISMISS COUNT FOUR**

        In this prosecution, defendant Samuel Tewolde moves for leave to file a renewed motion to dismiss Count Four. That count charges Tewolde, among other allegations, with aiding and abetting as well as use/possession of a firearm in violation of Sections 2 and 924(c)(1)(A) of Title 18 of the United States Code. Given that Tewolde filed his motion under Civil Local Rule 7-11, and the opposition deadline has now passed, this order considers the instant motion below.

        A short recap is needed. On April 15, 2014, Tewolde moved to dismiss several counts, or alternatively, to request a bill of particulars. In that motion, Tewolde argued that "Count Four must be dismissed for failure to state a cause of action and for insufficiency, vagueness and multiplicity" (Br. 4). Of note, his moving brief makes no express argument that Count Four itself is duplicitous. Tewolde further argues in his reply, however, that Count Four is problematic because "the Indictment fails to specify what offenses he is supposed to have

committed and/or aided and abetted," such that "the Indictment may be read to include dozens, if not hundreds, of acts committed by alleged co-conspirators over a period of years" (Reply 3, 4).

On April 30, 2014, an order denied Tewolde's motion to dismiss Count Four because the indictment provided sufficient detail to inform him of the offense charged — in connection with factual allegations from Counts One, Two, and Three.  The April 30 order also found that Count Four adequately tracked the statutory language of Section 924(c)(1)(A).  Specifically, that order stated (emphasis in original):

> [T]he indictment tethers its aiding and abetting allegation to the firearm charge under Count Four, and cannot be read as including "dozens, if not hundreds, of acts committed by alleged co-conspirators over a period of years" (Reply 4).  Moreover, while Count Four claims that Tewolde and six other defendants "possessed and used" *and* "aided and abetted" another's possession and use of firearms, this is allowed.  *See United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009).  "[T]he government is permitted to charge a defendant with both being a principal and an aider and abettor" under Section 924(c)(1)(A). *Cerna*, 2010 WL 3198927 at *2.

Nonetheless, the April 30 order required a limited bill of particulars to identify:

> The alleged incidents in which a firearm was used and/or carried in relation to Counts One, Two, and Three, as well as the alleged incidents in which a firearm was possessed, brandished, and/or discharged in furtherance of Counts One, Two, and Three, even if the firearm itself cannot be identified.
>
> \*       \*       \*
>
> As used herein, the term "incidents" also includes the identity of the person who purportedly used or carried the firearm or possessed, brandished, or discharged the firearm, the names of any alleged victims of these alleged incidents, and the approximate dates and circumstances of these alleged incidents.  If the government does not yet know all of these details for a given incident, it must supply as much as it does know.

The government has since delivered a bill of particulars to Tewolde, listing 29 alleged firearm incidents from May 10, 2000, to October 23, 2013, in response to the quote above.  Only one of the listed incidents refers to Tewolde himself (Weinberg Exh. A at 4):

> On or about September 5, 2013, in the parking lot of a restaurant in downtown Santa Rosa, Tewolde fired shots at . . . whom Tewolde believed to have "snitched" against other members of [the Varrio South Park gang].

2

Now, Tewolde argues that "a renewed motion is necessary" because "the [b]ill of [p]articulars makes clear and explicit that Count Four is impermissibly duplicitous, and must be dismissed" (Br. 2). In short, he contends that Count Four joins two or more distinct and separate offenses, citing *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001), for support.

This order is unpersuaded. Count Four still only alleges use/possession of a firearm, in connection with aiding and abetting. This, however, does not present "two or more distinct and separate offenses," as was the case in *Ramirez-Martinez*. There, the defendant was charged with attempting to transport *and* transporting undocumented aliens, which are two separate crimes with different intent requirements. *Id.* at 914. Moreover, that Tewolde's bill of particulars lists 29 alleged firearm incidents — and not offenses — also does not show how Count Four is duplicitous. Tewolde's motion for leave is thus **DENIED**.

**IT IS SO ORDERED.**

Dated: May 27, 2014.



WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3